Brent James WAHL, petitioner,
Appellant,

v.

COMMISSIONER OF PUBLIC
SAFETY, Respondent.

No. C1–84–422.

Court of Appeals of Minnesota.

Sept. 11, 1984.

Eugene D. Mailander, Slayton, for appellant.

Hubert H. Humphrey, III, Atty. Gen., Dudley D. Birder, Jr., Sp. Asst. Atty. Gen., St. Paul, for respondent.

Heard, considered and decided by SEDGWICK, P.J., and NIERENGARTEN and RANDALL, JJ.

## OPINION

NIERENGARTEN, Judge.

This is an appeal from the trial court's order sustaining the revocation of appellant Brent Wahl's driving privileges. We affirm.

## FACTS

On April 20, 1983, appellant Brent Wahl was stopped for a possible license plate violation. The officer noticed an odor of alcohol on Wahl and asked him to perform field sobriety tests, which he did with slight difficulty.

The officer then asked Wahl to accompany him to the police station where an implied consent advisory was read to him. There is no evidence that Wahl was ever told that he was under arrest nor that he felt free to leave, or that the officer would have permitted Wahl to leave had he attempted to do so.

Wahl consented to give a blood sample and was taken to a hospital for the test, which revealed a blood-alcohol concentration of .13. The officer brought Wahl back to the police department and read him his Miranda rights. Wahl did not call an attorney.

At trial, the officer opined that Wahl was driving while under the influence. The issue of the time of the arrest was not

raised. The trial court sustained the commissioner's revocation of Wahl's driver's license, and Wahl appealed to a three judge district court panel. The panel, by a split decision, affirmed the trial court's determination as to probable cause, but remanded with instructions to make findings as to whether Wahl was arrested before or after the officer proceeded under the implied consent law.

On remand, the trial court made no definitive finding of when the arrest occurred but found Wahl had been lawfully placed under arrest prior to the officer's request that Wahl submit to chemical testing. The court stated in an attached memorandum, "an arrest occurs when there has been a substantial intrusion of a persons liberty." Wahl appeals, raising the following issue.

### ISSUE

Does the record support the trial court's finding that appellant was arrested before he consented to testing?

### ANALYSIS

 Minn.Stat. § 169.123, subd. 2 (1982) provides that a test may be required of a person when an officer has probable cause to believe that a person was driving in violation of the DWI statute and the person "has been lawfully placed under arrest for violation of section 169.121," the DWI statute.

Wahl contends he was not lawfully placed under arrest until after his blood test had been taken because the mere going to a police station and making a statement, even after receiving the Miranda warning, does not necessarily amount to an arrest. *See In the Matter of the Welfare of M.D.S.*, 345 N.W.2d 723 (Minn.1984). *M.D.S.* requires an objective standard reviewing the record as a whole to determine when an arrest is made. The test is whether a reasonable person would have believed there was no choice but to accompany the police officers. *Id.* at 730.

When the officer requested Wahl accompany him to the police station after he failed the field sobriety tests, Wahl could not reasonably have believed he had a choice whether to accompany the police officer.

The record supports the trial court's finding that Wahl was arrested before he consented to testing.

### DECISION

We **affirm** the trial court's decision sustaining the commissioner's revocation of Wahl's driver's license.